UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

   v.                                                            Case No. 23-CR-105

**FRANCISCO HERNANDEZ-BACA,**

   **Defendant.**

---

### DECISION AND ORDER ON MOTION TO SEVER CHARGES

---

On May 23, 2023, the grand jury returned a two-count indictment against Francisco Hernandez-Baca. (Docket # 9.) Hernandez-Baca is charged in Count One with conspiracy to distribute cocaine beginning in approximately November 2019 and continuing through September 22, 2020, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and 18 U.S.C. § 2(a). He is charged in Count Two with possessing a firearm as a previously convicted felon on or about September 3, 2020, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hernandez-Baca was arraigned on the charges and entered a plea of not guilty. (Docket # 12.) Jury trial before the Honorable Judge J.P. Stadtmueller will be scheduled after resolution of pretrial motions.

Presently, Hernandez-Baca moves to sever the counts against him. (Docket # 26.) He argues that evidence relating to the gun count would prejudice him in the eyes of the jury on the drug count. (Docket # 26-1.) The government opposes Hernandez-Baca's motion. (Docket # 29.) For the reasons discussed below, Hernandez-Baca's motion is denied.

## DISCUSSION

*Joinder Under Fed. R. Crim. P. 8(a)*

Federal Rule of Criminal Procedure 8(a) permits two or more offenses to be charged in the same indictment if the offenses charged are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *see also United States v. Quinn*, 365 U.S. 256, 263 (1966). Courts liberally construe joinder rules in order to promote judicial efficiency, "limit inconvenience to witnesses, and allow the 'total story' to be presented to a single jury." *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (citing *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007)).

The government spends a significant portion of time recounting "facts" that are drawn from documents provided in discovery. (Docket # 29 at 3–16.) Similarly, Hernandez-Baca contends that the government lacks evidence to prove the "facts" it alleges. (Docket # 31.) Both parties get ahead of themselves. Courts judge the propriety of joinder based upon the face of the indictment rather than the evidence that supports that indictment. *See United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) ("[I]n assessing whether joinder was proper, we look solely to the face of the indictment and not to the evidence adduced later at trial." (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003))). As the Seventh Circuit has explained:

> The initial decision to join is made (and properly reviewed) without real insight into the actual mutual relevance of the individual offenses and their surrounding circumstances, which only crystallizes with the presentation of evidence at trial. An uncomplicated inquiry and review of initial joinder is the natural product of Rule 8, and of the practicalities of litigation, and makes sense so long as authority remains for monitoring the continued appropriateness of a joint trial as proceedings go forward, further developments unfold and evidentiary and other sources of prejudice can be better observed and analyzed.

2

*United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994). Hernandez-Baca argues that while felon in possession and controlled substance charges are frequently properly joined "as firearms are commonly used in drug trafficking," in this case, the government's sole connection between the two offenses is that the firearm was possessed in front of a building that the government asserts was purchased to legitimize drug proceeds and launder money. (Docket # 31 at 1–2.) He "concedes that, if the restaurant were being used to actually engage in drug trafficking, joinder would be legitimate"; however, "there is no real connection between the possession of the firearm and any drug trafficking." (*Id.* at 2.)

But again, I do not examine or determine whether the government's allegations underlying the indictment prove or disprove the case. Rather, I look at whether the charges, as stated in the indictment, have "enough in common to be tried in the same case." *Berg*, 714 F.3d at 494. As stated above, Count One alleges that Hernandez-Baca engaged in a drug trafficking conspiracy from approximately November 2019 to September 22, 2020. Count Two alleges that Hernandez-Baca possessed a firearm as a previously convicted felon on September 3, 2020. The Seventh Circuit has stated that "drug trafficking and firearm counts are presumptively properly joined because '[p]ossession of firearms and drug trafficking are closely related.'" *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) (quoting *United States v. Pigee*, 197 F.3d 879, 891 (7th Cir. 1999)). The court has found that "weapons are 'tools of the trade' of drug dealers, and the simultaneous possession of weapons and drugs supports an inference that the suspect is dealing drugs." *United States v. Cooper*, 19 F.3d 1154, 1163 (7th Cir. 1994).

Hernandez-Baca argues joinder is improper in this case, citing *United States v. Hubbard*, 61 F.3d 1261 (7th Cir. 1995) in support. In *Hubbard*, the defendant, like Hernandez-Baca, was charged with distributing cocaine and conspiring to do so, as well as with the unlawful possession of a firearm by a felon. *Id.* at 1264. The firearm, however, was discovered more than seventeen months after the narcotics transaction. *Id.* at 1270. The court explained:

> In other cases, where firearms have been discovered along with evidence of a defendant's drug trafficking, joinder of firearms and weapons charges has been approved due to the natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun. Here, however, a significant expanse of time separates the discovery of the firearms from the conduct underlying the narcotics charges. The fact that Hubbard carried guns in his Bronco in October of 1992 tells us little about his distribution of narcotics nearly a year and a half earlier, and vice versa.

*Id.* (internal citations omitted). Unlike in *Hubbard*, however, Hernandez-Baca is charged with possessing a firearm as a previously convicted felon contemporaneously with his participation in the alleged drug trafficking conspiracy, i.e., in September 2020. Given the Seventh Circuit's presumption that drug trafficking and firearm counts are properly joined and given the court's directive to liberally construe joinder rules to promote judicial efficiency, I find that Counts One and Two are properly joined under Fed. R. Crim. P. 8(a).

*Severance Under Fed. R. Crim. P. 14(a)*

However, even when offenses are properly joined under Rule 8(a), a court may order separate trials of those offenses when their joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "The potential sources of prejudice are many." *United States v. Ervin*, 540 F.3d 623, 628 (7th Cir. 2008). For example, "the joinder may prejudice the defendant by creating a 'spill-over effect'-that is, that the jury relies on evidence presented on one set of counts when reaching a conclusion on the other set." *Id.* The court has stated that

"where joinder is based upon the 'similar character' of the indictment's charges, the risk of potential prejudice to the defendant from a joint trial is enhanced, and the district court must therefore be especially vigilant in monitoring the proceedings for developing unfairness." *United States v. Alexander*, 135 F.3d 470, 477 (7th Cir. 1998). Nonetheless, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). And that discretion is abused only where "the defendant is able to show that the denial of a severance caused him actual prejudice in that it prevented him from receiving a fair trial; it is not enough that separate trials may have provided him with a better opportunity for an acquittal." *Alexander*, 135 F.3d at 477.

Hernandez-Baca asserts that evidence relating to firearms is always inflammatory to juries and that there is a risk the firearm evidence will improperly "spill over" to the drug count. (Docket # 26-1 at ¶ 4.) The law presumes, however, that "a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996). And proper jury instructions are an "adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001) (internal quotation and citation omitted). While Hernandez-Baca makes conclusory assertions that the gun charge will inflame the jury and unduly prejudice him, he has failed to show that the jury will be incapable of fulfilling its duty to sort through the evidence and follow the instructions as given. Thus, severance is not warranted under Rule 14.

**NOW, THEREFORE, IT IS ORDERED** that Hernandez-Baca's motion to sever charges (Docket # 26) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of the recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 15th day of April, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge